UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SAYDE RODRIGUEZ AND MARIA DIAZ | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | **[Jury Demanded]** |
| TYSON FOODS, INC. | § | |
| *Defendant.* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, SAYDE RODRIGUEZ AND MARIA DIAZ ("Plaintiffs") complaining of TYSON FOODS, INC. ("TYSON" or "Defendant"), and file this their Original Complaint and for cause would show as follows:

## I.
## PARTIES

1. Plaintiff, SAYDE RODRIGUEZ, is a resident of the State of Texas.

2. Plaintiff, MARIA DIAZ, is a resident of the State of Texas.

3. Defendant TYSON is a Delaware corporation that may be served with process through its Registered Agent, CT Corporation System, at 1999 Bryan Street Suite 900, Dallas TX 75201 - 3136 or wherever the company may be found. Citation is requested at this time.

## II.
## JURSIDICTION AND VENUE

4. Complete diversity of citizenship exists and the amount in controversy exceeds $75,000. *See* 28 U. S. C. A § 1332(a).

5.     Venue is proper in this district and division, as the Defendant conducts business in this District and Division.  *See* 28 U. S.C. A. §1391 (d).

### III.
### FACTS

6.     On or about January 7, 2015, Plaintiffs were employed by TYSON at its manufacturing facility located at 300 Portwall St., Houston, Texas 77029.  On that day, Plaintiffs were working within the course and scope of their employment with TYSON.  Plaintiff was performing her duties under the direction of TYSON, in the course and scope of her employment with TYSON.  During the course and scope of her employment, a metal wall came loose and fell on Plaintiffs causing permanent and catastrophic injuries which necessitated surgery for both respective Plaintiffs.

### IV.
### CAUSES OF ACTION

7.     The occurrence made the basis of this suit and the resulting injuries and damages of Plaintiffs were proximately caused by the negligent conduct of Defendant.  Defendant acted negligently by violating the duty to exercise ordinary care, which they owed to Plaintiff in the course and scope of providing a safe work and business environment.  Specifically, Defendant failed to keep the work place safe and provide safety devices thus causing injuries to Plaintiffs.

8.     At the time of the incident made the basis of this suit, TYSON was and continues to be a non-subscriber to Texas Workers Compensation Insurance.

9.     The acts and/or omissions of Defendant that constitute negligence include, but are not limited to, the following:

   A.     Defendant failed to warn Plaintiffs of the unreasonably hazardous condition;

    B.    Defendant failed to provide Plaintiffs with safe working conditions;

    C.    Defendant failed to warn Plaintiffs of a known dangerous condition;

    D.    Defendant failed to remedy a known dangerous condition;

    E.    Defendant failed to adequately train its personnel in workplace safety;

    F.    Defendant failed to provide adequate supervision of the workplace;

    G.    Defendant failed to provide proper supervision over Plaintiff's work area; and

    H.    Defendant failed to fix the metal wall that hit Plaintiffs despite knowing that the wall was failing and was loose causing an extremely dangerous situation.

10. The foregoing acts or omissions, singularly or in combination with others, constitute negligence on the part of Defendant which proximately caused the injuries and damages which Plaintiffs suffered.

11. Additionally, Defendant's acts and omissions involved an extreme degree of risk to Plaintiffs, considering the probability and magnitude of the potential harm to others, especially in light of certain facts which were known to Defendant before Plaintiffs sustained their injuries. Defendant knew Plaintiffs would be working in that area in which the incident took place and yet did not make any effort or take any precaution to alert Plaintiffs of the dangers or prevent them from encountering the hazard. Moreover, Defendant was aware of the dangerous condition prior to the incident in question, but took no action to remedy the dangerous condition created.

12. Defendant's acts and omissions are of such character as to lead to the conclusion that they not only constitute negligence, but rise to the level of gross negligence. Defendant acted with conscious indifference to the rights, safety and welfare of the Plaintiffs, and proximately caused the injuries to Plaintiffs through the enumerated acts and omissions as stated above.

## V.
## RESPONDEAT SUPERIOR

13. Plaintiffs incorporate by reference the factual allegations set forth in section III above. In addition to section IV, and in the alternative to section IV, TYSON is liable to Plaintiffs through TYSON employees for injuries which occurred while Plaintiffs were in the course and scope of their employment with TYSON.

## VI.
## DAMAGES

14. Accordingly, Plaintiffs respectfully request the Defendant be cited to appear, and Plaintiffs have judgment against Defendant for the following respective damages:

   A. The physical pain and mental anguish Plaintiffs have suffered in the past and in reasonable probability will continue to suffer in the future;

   B. The amount of reasonable medical expenses necessarily incurred in the past and in reasonable probability will be incurred in the future for the treatment of Plaintiffs' injuries;

   C. The amount of reasonable wages for back pay and future earnings, including all accrued interest, insurance benefits, pension benefits, vacation benefits, sick leave, and other incidental benefits that attach to and were included in Plaintiffs' employment;

   D. The damages resulting from the physical impairment Plaintiffs suffered in the past and will continue to suffer in the future and the resulting inability to perform those tasks and services they ordinarily would have been able to perform in the future beyond the time of trial;

   E. The amount of damages resulting from Plaintiffs' respective loss of earning capacity;

   F. Costs of suit;

   G. Disfigurement;

   H. Exemplary damages; and

I.  Such other relief to which Plaintiffs may be justly entitled.

## VII.
## JURY REQUEST AND PRAYER FOR RELIEF

15. Plaintiffs make a formal demand for a trial by jury in this cause. WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendant TYSON be cited to appear and answer herein and that upon formal hearing, Plaintiffs recover of and from Defendant their damages as alleged herein together with costs and disbursements, pre-judgment and post-judgment interest as allowed by law, and for such other relief, specific and general, at law and/or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**ROBERT D. GREEN & ASSOCIATES, P.C.**

BY:  */s/ Robert D. Green*
**Robert D. Green**
State Bar No. 08368025
Federal Bar No. 7684
440 Louisiana St., Ste. 1930
Houston, Texas 77002
Telephone: (713) 654-9222
Facsimile:  (713) 654-2155
Email – green@greentriallaw.com

**ATTORNEYS FOR PLAINTIFFS**

**BARTON LAW FIRM**

By: */s/ Daniel P. Barton*
DANIEL P. BARTON
State Bar No.: 00789774
Federal Bar No. 17748
ROY J. ELIZONDO, III
Federal Bar No. 34529
State Bar No.: 24036519
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax
dbarton@bartonlawgroup.com
relizondo@bartonlawgroup.com

**ATTORNEYS FOR PLAINTIFFS**