United States District Court
Southern District of Texas
**ENTERED**
June 01, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SAYDE RODRIGUEZ AND MARIA DIAZ, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-cv-307 |
| | § | |
| TYSON FOODS, INC. | § § | |
| Defendant. | § | |

## MEMORANDUM ORDER AND OPINION
## GRANTING MOTION TO TRANSFER VENUE

Plaintiffs, Sayde Rodriguez and Maria Diaz, filed this lawsuit on October 31, 2016, alleging that they sustained physical injuries while they were employed by Defendant Tyson Foods at its manufacturing facility at 300 Portwall St. in Houston, Texas.

Plaintiffs contend that Tyson was negligent for, among other things, failing to warn them of a hazardous or known dangerous condition in the facility, failing to provide them with safe working conditions in the facility, failing to remedy a known dangerous condition, failing to adequately train their personnel in workplace safety, failing to provide adequate supervision in the workplace, and failing to provide proper supervision over Plaintiffs' work area.

Tyson has filed a motion to transfer this case to the United States District Court for the Southern District of Texas, Houston Division. Dkt. 13. Although Plaintiffs

indicated that they were opposed to the transfer, the deadline for a response has passed without a response being filed by Plaintiffs.

## STANDARD FOR CONVENIENCE TRANSFERS

28 U.S.C. § 1404(a) allows a district court to transfer a civil action "for the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought." The statute is intended to save "time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience." *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, No. H–05–1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005). Motions to transfer venue under § 1404(a) are committed to the sound discretion of the district court. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). The party seeking transfer has the burden of showing good cause for the transfer. *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff." *Id*.

## ANALYSIS

### A. Could this lawsuit have been filed in Houston?

A threshold question for a district court considering a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit could have been filed in movant's desired transfer venue. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *see also Wells v. Abe's Boat Rentals Inc.*, No. CIV.A. H–13–1112, 2014 WL 29590, at *1 (S.D. Tex. Jan. 3, 2014).

The parties do not dispute that venue would be proper in the Houston Division of the Southern District of Texas, and the Court finds that this lawsuit indeed could have been brought there originally.

### B. Balancing of Private and Public Factors

Next, the Court must determine whether on balance the transfer would serve "the convenience of parties and witnesses" and "the interest of justice" under 28 U.S.C. §1404(a) by weighing a number of private and public interest factors. *In re Volkswagen Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id*. No one single factor is given dispositive weight. *See Wells*, 2014 WL 29590 at *1 (quoting *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 258 F.3d 337, 340 (5th Cir. 2004)). The Court analyzes these factors below.

### 1. Private Interest Factors

The Court first considers the private interest factors: relative ease of access to sources of proof; the availability of compulsory process to secure the attendance of

witnesses; the cost of attendance for willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

As to the relative ease of access to sources of proof, the Court finds it significant that this is a premises liability suit relating to a manufacturing facility located in the Houston area, approximately 10 miles from the Houston Courthouse. Tyson contends that "most, if not all, of the potential documentary evidence relevant to this case, including human resources and payroll records, is located at the Houston Facility." Tyson does not state where the maintenance records for the facility are located.

The location of Tyson's facility, the place of employment as well as alleged injury for the Plaintiffs, is relevant to considering both the relative ease of access to sources of proof as well as "other practical problems" in this premises liability suit.

Tyson also points out, and provides evidence that, both party and non-party witnesses are much closer to the Houston Courthouse than the Galveston Courthouse, including Plaintiffs' treating physicians and medical providers, the Plaintiffs themselves, and Tyson employees. Tyson provides the relevant addresses and mileage for each of these witnesses, along with an explanation of the anticipated importance of their live testimony at trial.

Of these private interest factors, the Court finds that, on the evidence and arguments presented, both the cost of attendance for willing witnesses as well as the relative ease of access to sources of proof weigh in favor of transfer to Houston. The remaining factors are neutral.

### 2. Public Interest Factors

Next, the Court considers the public interest concerns, including the administrative difficulties flowing from court congestion, the local interest in having localized interests decided at home, the familiarity of the forum with the law that will govern the case, and the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

Tyson contends that this case has no connection to Galveston, while the Houston Division is the home of both the facility at issue, the Plaintiffs themselves, and all of the identified relevant witnesses thus far. Further, the evidence presented shows that each of these is located substantially closer to the Houston Courthouse than the Galveston Courthouse. Further, as to court congestion, the Court takes judicial notice of its own docket and that the recent increase in the number of criminal filings, as well as other administrative factors, have increased the number of cases pending per judge in the Galveston Division when compared to the number of cases pending per judge in the Houston Division.

Of the public interest factors, the Court finds that the local interest factors and the court congestion factor weigh in favor of transfer to Houston, and all other factors are neutral.

## CONCLUSION

After full consideration of the motion, and the record of this case as a whole, the Court finds that Tyson has sustained its burden of showing that transfer of this case to Houston would be clearly more convenient.

Accordingly, the motion to transfer venue is **GRANTED**.

**This case is hereby transferred to the United States District Court for the Southern District of Texas, Houston Division.**

SIGNED at Galveston, Texas, this 1st day of June, 2017.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge